1
2
3
4
5
6

**Shalev Amar (022332)**
**samar@amarlawgrp.com**
**Amar Law Group, PLLC**
**40 W. Baseline Road, Suite 203**
**Tempe, AZ 85283**
**(480) 237-2744**
**(866) 226-1333 (facsimile)**
**Attorneys for Plaintiff**

7
8

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

9
10
11
12
13
14
15
16

| | |
|---|---|
| **Robert W. Baxter, Jr.,** )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>)<br>**Airstream, Inc. and Holiday World** )<br>**of League City, LLC,** )<br>)<br>)<br>Defendants. )<br>_____ ) | Case No. |

17

18
19
20
21
22
23
24

    1.     The District Court has jurisdiction to hear this matter under 28 U.S.C. §1331 as there is a federal question pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et seq.*  Jurisdiction is also conferred through 15 U.S.C. §2310(d) as the amount in controversy exceeds $50,000.00; and through diversity of citizenship.  This Court has pendent jurisdiction over Plaintiff's State law revocation claim.

25
26
27
28

    2.     The Plaintiff, Robert W. Baxter, Jr. ("Plaintiff"), is a consumer who resides in the State of Arizona.

3.     Codefendant, Airstream, Inc.   ("Airstream") is a foreign corporation authorized to do business in the State of Arizona.   Airstream is engaged in the manufacture, assembly, integration, sale, supply and distribution of fully integrated motor homes and attendant warranties.   Airstream supplies its products and services to the consuming public through its authorized dealerships and repair agents, including Codefendant Holiday World of League City, LLC ("Holiday World"), which is a Texas limited liability company.

4.     Airstream unilaterally selected and then installed, integrated, and modified all components used to construct the subject Motor Home.

5.     On June 4, 2016, Plaintiff purchased from Holiday World a new 2016 Airstream Interstate ("Interstate") manufactured and warranted by Airstream and supplied by Holiday World, Vehicle Identification No. WDAPF4CCXGP220115, for a total financed price of $275,993.53.

6.     In connection with Plaintiff's purchase of the Interstate, Airstream issued and supplied to Plaintiff its written warranty, which includes thirty-six (36) months/36,000 miles coverage.   Airstream and Holiday World intended Plaintiff to view the fact the Interstate was "warranted" as an assurance of the Interstate's quality, thereby inducing Plaintiff's purchase.

7.     In addition, under Airstream's repair or replacement warranties, Airstream was required by common law and statute to perform adequate and competent repairs or replacements within a reasonable opportunity and time, as competent repairs within a

reasonable opportunity/amount of time is the essential purpose of warranties restricted to repair or replacement of defective parts.

8.     Shortly after taking possession of the Interstate Plaintiff experienced numerous defects and conditions with the Motor Home necessitating at least one hundred and twenty-one (121) days of repeated unsuccessful nonconformity repairs by Airstream and Holiday World RV's repair agents.

9.     The dilatory repairs were for the following defects, non-conformities and conditions: defective battery (4 repair attempts), generator (3 repair attempts), electrical system (2 repair attempts), HVAC (2 repair attempts), propane (2 repair attempts), ignition (2 repair attempts), radio (2 repair attempts), audio system  (2 repair attempts), video (2 repair attempts), cabinet (2 repair attempts), brakes, steering wheel, fan, awning, sun screen, blinds, Bluetooth, airstream reception, and door.

10.     The Interstate's numerous defects and its repeated inadequate repairs have caused substantial impairment in the use and value of the subject Motor Home to Plaintiff.

11.     The Interstate remains in a non-conforming defective condition.

12.     Plaintiff was further damaged by canceling several planned trips because of the defective condition of the Interstate and by being without benefit of the use of a Motor Home Plaintiff paid for.

13.     Plaintiff provided Airstream and Holiday World RV, through their authorized repair agents, notice and a sufficient opportunity to repair the defects, non-conformities, and conditions within the Interstate.

14.     Despite being given more than a reasonable number of attempts/reasonable opportunity to cure said defects, non-conformities, and conditions, Airstream and Holiday World failed to do so.  As such, the Interstate's warranty has failed its essential purpose.

15.     Airstream and Holiday World's failure to correct said defects violates Airstream and Holiday World's statutory and common law duties to Plaintiff and the expectations created by Airstream and Holiday World's promotional documents and warranties.

16.     As a result of the ineffective repair attempts made by Airstream and Holiday World RV through their repair agents, the Interstate cannot be utilized as intended by Plaintiff at the time of acquisition.

17.     Plaintiff (by and through undersigned) provided Airstream and Holiday World additional written notification of the defects within the subject Motor Home and Plaintiff's lawful demand for relief on December 11, 2017.

18.     Plaintiff has been and will continue to be financially damaged due to Airstream and Holiday World's failure to conform the Interstate to its warranty as Plaintiff did not receive the basis of his bargain for a new Interstate, but instead was saddled with an Interstate riddled with defects akin to an improperly maintained high mileage used Motor Home of a much lesser value.

19.     Plaintiff met all legal and enforceable obligations and preconditions provided in Airstream's warranty and applicable law.

20.     As a direct and proximate result of Airstream's failure to comply with its written warranty, statutory obligations, and common law duties, Plaintiff suffered damages and, in accordance with 15 U.S.C. § 2310 (d), Plaintiff is entitled to bring suit for such damages and other legal and equitable relief.

21.     Plaintiff demands a trial by jury.

**COUNT I**
**BREACH OF WRITTEN WARRANTY**
**PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT:**
**CODEFENDANT AIRSTREAM**

22.     Plaintiff re-alleges and incorporates by reference paragraphs 1-21 in this Complaint.

23.     Airstream failed to comply with its duties and obligations under its written warranty.  Additionally, the warranty failed of its essential purpose.

24.     Airstream did not repair the defects and conditions herein within a reasonable number of attempts or time.

WHEREFORE, Plaintiff requests that the Court:

a.     Enter judgment against Airstream for all diminution in value, actual, incidental and consequential damages to which Plaintiff is entitled;

b.     Grant Plaintiff all reasonable attorneys' fees, litigation costs and expenses pursuant to 15 U.S.C. § 2310 (d)(2); and,

c.     Grant all other relief deemed just and appropriate.

## COUNT II
### BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY UNDER THE MAGNUSON-MOSS WARRANTY ACT (15 U.S.C. § 2308): DEFENDANT AIRSTREAM AND CODEFENDANT HOLIDAY WORLD

25.     Plaintiff re-alleges and incorporates by reference paragraphs 1-24 of this Complaint.

26.     No supplier may disclaim or modify any implied warranty to a consumer with respect to such consumer product if at the time of sale, or within 90 days thereafter, such supplier enters into a service contract with the consumer which applies to such consumer product. *See* 15 U.S.C. § 2308 (a).

27.     Holiday World entered into a service contract with Plaintiff at the time of sale which applies to the Interstate.

28.     Any attempts to disclaim the implied warranty of merchantability by Holiday World are invalid.  *See* 15 U.S.C. § 2308 (c) ("A disclaimer, modification, or limitation made in violation of this section shall be ineffective for purposes of this chapter and State law").

29.     Under Texas law, implied warranty claims may be brought against a product's manufacturer.

30.     Because of its defects and repair history, the Interstate is not fit for its ordinary purpose of Motor Homing.

31.     Airstream and Holiday World breached the implied warranty of merchantability to Plaintiff.

WHEREFORE, Plaintiff requests that the Court:

a.   Enter judgment against Airstream and Holiday World for all diminution in value, actual, incidental and consequential damages to which Plaintiff is entitled;

b.   Grant Plaintiff all reasonable attorneys' fees, litigation costs and expenses pursuant to 15 U.S.C. § 2310(d)(2); and,

d.   Grant all other relief deemed just and appropriate.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE UNDER THE MAGNUSON-MOSS WARRANTY ACT (15 U.S.C. § 2308): CODEFENDANT HOLIDAY WORLD

32.   Plaintiff re-alleges and incorporates by reference paragraphs 1-31 of this Complaint.

33.   Plaintiff made Holiday World's sales agents aware that Plaintiff was purchasing the Interstate to vacation in, travel in, and take planned trips in and relied on said agents' skill and judgment to select the subject Interstate as suitable for these purposes.

34.   Holiday World's sales agents assured Plaintiff the Interstate was fit for these express purposes.

35.   Because of its defects and repair history the Interstate was not fit for the particular purposes of vacationing in, traveling in, and taking planned trips in.

36.   Holiday World breached the implied warranty of fitness for a particular purpose to Plaintiff.

WHEREFORE, Plaintiff requests that the Court:

a.   Enter judgment against Holiday World RV for all diminution in value, actual, incidental and consequential damages to which Plaintiff is entitled;

b.   Grant Plaintiff all reasonable attorneys' fees, litigation costs and expenses pursuant to 15 U.S.C. § 2310(d)(2); and,

c.   Grant all other relief deemed just and appropriate.

**COUNT V**
**REVOCATION OF ACCEPTANCE**
**PURSUANT TO TEX. BUS. & COM.CODE ANN. § 2.608**
**CODEFENDANT HOLIDAY WORLD RV**

37.   Plaintiff re-alleges and incorporates by reference paragraphs 1-35 of this Complaint.

38.   Holiday World RV's tender of the Interstate was substantially impaired to Plaintiff due to its defects and non-conformities.

39.   Plaintiff accepted the Interstate without notice of said defects and with the reasonable assumption that any nonconformities within the Motor Home would be seasonably cured.

40.   The nonconformities herein have not been seasonably cured.

41.   Plaintiff's acceptance of the Interstate was reasonably induced by the difficulty of discovering the Interstate's nonconformities before acceptance and by Seller's assurances regarding the quality of the Interstate.

42.     Plaintiff's revocation of acceptance occurred within a reasonable time after discovering the grounds for revocation and before any substantial change in condition of the Motor Home which was not caused by its own defects.

43.     Plaintiff has timely notified Holiday World of the revocation.

WHEREFORE, pursuant to TEX. BUS. & COM.CODE ANN. § 2.608, Plaintiff prays that the Court:

a.  Order Holiday World to accept Plaintiff's revocation of acceptance and return all monies paid towards the subject Motor Home in exchange for return of the Motor Home;

b.  Order Holiday World to pay all incidental and consequential damages to which Plaintiff are entitled;

c.  Grant Plaintiff all reasonable attorneys' fees, litigation costs and expenses; and,

d.  Grant all other relief deemed just and appropriate.

**RESPECTFULLY SUBMITTED** this 13th day of April, 2018.

By: /s/Shalev Amar
            Shalev Amar
            Amar Law Group, PLLC
            40 W. Baseline Road, Suite 203
            Tempe, AZ 85283
            (480) 237-2744
            (866) 226-1333 (facsimile)
            Attorneys for Plaintiff